Fegan, Ex'x v. Brattleboro Mem. Hosp. CV-95-26-SD    10/24/96

UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEW HAMPSHIRE


Joyce Fegan, as Executrix of the
 Estate of Clayton Fegan and individually


        v.                                Civil No. 95-26-SD


Brattleboro Memorial Hospital;
Orthopedics and Sports Medicine of
 Southern Vermont;
A. Douglas Lilly, M.D.



O R D E R


        This case is scheduled for final pretrial on November 7,

1996, with jury selection to follow on November 19, 1996.  At

this juncture, the court considers the issues raised by certain

pending motions.


1.  Background

        In August 1993 plaintiff's decedent, Clayton Fegan, sought

medical treatment from the defendants for a work-related injury

to his right knee.  In this action, it is claimed that the

medical negligence of the defendants in the course of such

treatment was causative of Mr. Fegan's death on August 27, 1993.

In the course of discovery, certain information has been disclosed which gives rise to the motions which are now under consideration.

## 2. Plaintiff's Motion in Limine, document 29

Defendants have entered only partial objections to plaintiff's motion in limine. Documents 30, 31.[1] As a result, no longer in issue are exclusion of evidence relating to the proper marriages and divorces of decedent and his widow and to the prior hospitalization of decedent in a mental hospital. Those matters still in contention are herewith addressed.[2]

### a. Evidence Relating to Decedent's Use of Alcohol

Plaintiff contends that decedent ceased use of alcohol some two and one-half years prior to his death. Defendant DMH argues that admission of such evidence is relevant to the issue of decedent's life expectancy.

An autopsy was performed on decedent's remains within hours

---

[1]Document 30 is the objection of defendants Dr. Lilly and Orthopedics and Sports Medicine of Southern Vermont. Document 31 is the objection of defendant Brattleboro Memorial Hospital (BMH).

[2]Plaintiff has moved for leave to file a reply memorandum. Document 32. The motion is herewith granted, and the court has considered such memorandum.

of his death.  The autopsy report contains no information that the use of alcohol contributed in any manner to Mr. Fegan's death.  Absent a representation (not here made) that expert evidence to the contrary will be presented on the issue, the court finds the evidence of decedent's alcohol use to be irrelevant, Rules 401,[3] 402,[4] Fed. R. Evid., and further finds that its probative value is substantially outweighed by the danger of unfair prejudice to plaintiff.  Rule 403,[5] Fed. R. Evid.

The motion in limine is granted as to the use of alcohol by decedent.

---

[3]Rule 401, Fed. R. Evid., provides:  "'Relevant evidence'" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

[4]Rule 402, Fed. R. Evid., provides:  "All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority.  Evidence which is not relevant is not admissible."

[5]Rule 403, Fed. R. Evid., provides:  "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

b.  Evidence Relative to a 1986 Domestic Dispute

In 1986 the decedent allegedly summoned police to his residence because his wife would not let him leave the premises. Defendants contend this evidence is relevant to the loss of consortium claim advanced by decedent's widow.

The court finds evidence of this single incident, which occurred some seven years prior to the decease of Mr. Fegan, to be barred because it is both irrelevant and unfairly prejudicial. Rules 402, 403, Fed. R. Evid.

The motion in limine is granted as to the 1986 domestic dispute.

c.  Evidence Relative to Joyce Fegan's Deep Venous Thrombosis

In 1982, as a result of a contraindicated combination of tobacco smoke and ingestion of oral contraceptives, Mrs. Fegan underwent treatment for deep venous thrombosis (DVT).  At least in part, such familiarity with DVT caused her to know that DVT "happened on a pretty regular basis with people who have had hip . . . surgery, knee surgery, leg surgery, that it's about a collection of blood in the joints."  Deposition of Joyce Fegan at

4

67, lines 4-7.[6]

Defendants claim that Mrs. Fegan's own knowledge of DVT is a significant issue because it bears on the decedent's awareness of his own medical condition and his possible comparative negligence.[7]  But Mrs. Fegan also deposed that she only understood cramping to be the presenting symptom of DVT, Deposition at 68, line 13-22; 81, lines 16-22, that it never occurred to her that her husband was experiencing a DVT, id. at 83, lines 15-18, and that she never discussed the possibility of such experience with Mr. Fegan, id., lines 15-21.

In light of this testimony, considered as a whole, the court finds and rules that the evidence of Mrs. Fegan's DVT should be barred for irrelevance and unfair prejudice.  Rules 402, 403, Fed. R. Evid.  The motion in limine is granted as to Mrs. Fegan's DVT.

### d.  Mrs. Fegan's Relationship with "Jim"

In July 1994, some eleven months after her husband's death, Mrs. Fegan met "Jim".  Fegan Deposition at 80, lines 2-4. Subsequently, the two have vacationed together at various

---

[6]The excerpts from the deposition of Joyce Fegan were attached as exhibits to the plaintiff's motion in limine.

[7]DVT is allegedly a cause of Mr. Fegan's death.

locations without the state of New Hampshire. <u>Id.</u> at 24, lines 19-23; 25, lines 1-12; 80, lines 10-18.

Defendant BMH contends such evidence to be relevant to the issue of whether "household services", claimed as an element of damages, is now being furnished Mrs. Fegan by others. The court finds it impossible to equate evidence of vacation trips with the provision of household services, and accordingly finds evidence of plaintiff's relationship with "Jim" to be barred by irrelevance and unfair prejudice. Rules 402, 403, Fed. R. Evid.

The motion in limine is granted as to the relationship of Mrs. Fegan with "Jim".


### 3. BMH's Motion to File Dispositive Motion, document 33

Defendant BMH seeks to file a motion to dismiss, invoking the doctrine of "judicial estoppel". Plaintiff objects. Document 34.

There is merit to plaintiff's objection that the motion should be denied for untimeliness, <u>Data General Corp. v. Grumman Systems Support Corp.</u>, 803 F. Supp., 487, 489 (D. Mass. 1992), but the court grants the motion for late filing and herewith considers the motion to dismiss. The result reached makes it unnecessary for plaintiff to file any further pleadings.

Mrs. Fegan, claiming that the work-related injury was

causative of her husband's death, is currently receiving death benefits under the Workers' Compensation Law of Vermont. Defendant BMH argues that to permit the instant case to go forward would equate with permitting plaintiff to engage in "'intentional self-contradiction . . . as a means of obtaining unfair advantage . . . .'" Patriot Cinemas, Inc. v. General Cinema Corp., 834 F.2d 208, 212 (1st Cir. 1987) (quoting Scarano v. Central R.R. Co., 203 F.2d 510, 513 (3d Cir. 1953)).

However, the court finds that this case is not one in which a party is "asserting a position in one legal proceeding which is contrary to a position it has already asserted in another." Patriot Cinemas, supra, 834 F.2d at 212. The argument that judicial estoppel requires dismissal of the instant action overlooks the rule that there can be more than one proximate cause of death. Peterson v. Gray, 137 N.H. 374, 378, 628 A.2d 244, 246 (1993); Rooney v. Medical Center Hosp. Of Vt., 649 A.2d 756, 762 (Vt. 1994).

More importantly, the argument overlooks the fact that if recovery is here had against any of the defendants, the workers' compensation carrier will be entitled to recovery under its lien as against any judgment. See RSA 281-A:13; 21 V.S.A. 624.

In short, this is not a case of deliberate dishonesty by the plaintiffs, nor can the receipt of workers' compensation death

7

benefits be shown to have caused any serious prejudice to judicial proceedings or the position of the defendants. Desjardins v. Van Buren Community Hosp., 37 F.3d 21, 23 (1st Cir.1994). As the doctrine of judicial estoppel is not applicable to the circumstances of this case, the motion to dismiss must be and it is herewith denied.

## 4. Conclusion

For reasons outlined, the court has granted the plaintiff's motion in limine, document 29, and has granted the motion of defendant BMH to file a dispositive motion, document 33, but has considered the motion to dismiss filed by BMH and has denied said motion. The court is now hopeful that the case can go forward as scheduled to final pretrial and jury trial.

SO ORDERED.

_____
Shane Devine, Senior Judge
United States District Court

October 22, 1996

cc: All Counsel

8